## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**MYLLETTE PUCKETT**, individually and on
behalf of all others similarly situated,

               **CLASS ACTION**

 *Plaintiff*,

               **CASE ACTION FILE NO.**

vs.

               **JURY TRIAL DEMANDED**

**INJURY FINANCING LLC,**

 *Defendant*.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Myllette Puckett brings this action against Defendant Injury Financing LLC, d/b/a Capital Financing, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), and its implementing regulations.

2. Defendant operates a pre-settlement litigation finance company. To promote its services and solicit new clients, Defendant engages in unsolicited

telemarketing utilizing prerecorded voice calls.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA").

5.      The Court has personal jurisdiction over Defendant because Georgia is Defendant's primary place of business, Defendant directs, markets, and provides its business activities throughout the State of Georgia, and Defendant's tortious conduct against Plaintiff occurred in part within this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7.      Plaintiff is a natural person who, at all times relevant to this action, was a

citizen of and domiciled in Fulton County, Georgia.

8.     Defendant is a Georgia limited liability company whose principal office is located at 270 CARPENTER DRIVE #300, SANDY SPRINGS, GA, 30328, USA.

## THE TCPA

9.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

10.     The TCPA exists to prevent communications like the ones described within this Complaint.  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11.     In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live

solicitation calls, and such calls can be costly and inconvenient.   The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.   *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13.      In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers.   *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

14.      To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."   *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

15.      The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must

evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

16.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

17.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12);   *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

18.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

19.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of*

5

*1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

20.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## FACTS

21.     On approximately January 12, 2021 Defendant caused a prerecorded voice to be transmitted to Plaintiff's cellular telephone number ending in 3311 (the "3311 Number").

22.     The prerecorded calls at issue were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

23.     The purpose of Defendant's calls was to advertise, market, and/or promote Defendant's credit repair service. The over one minute long message stated, inter alia, "as I understand you were injured as a result of a personal injury. My company provides individuals like yourself with a loan for a portion of your settlement."

24.     At no point in time did Plaintiff provide Defendant with her express consent to be contacted on the 3311 Number with a prerecorded call.

25.     At no point in time did Plaintiff provide Defendant with her express

written consent to be contacted on the 3311 Number with a prerecorded call.

26.     Plaintiff never provided Defendant with the 3311 Number for any reason.

27.     Plaintiff never knowingly released the 3311 Number to Defendant for any reason.

28.     Plaintiff received the subject calls with a prerecorded voice within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

29.     Upon information, Defendant caused other prerecorded messages to be sent to individuals.

30.     Plaintiff is the subscriber and sole user of the 3311 Number and is financially responsible for phone service to the 3311 Number.

31.     Defendant's unsolicited prerecorded calls caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

32.     Plaintiff received the call while at home and Plaintiff's phone audibly rang when the call came in.

33.     Plaintiff estimates that she has wasted approximately 80 seconds listening to Defendant's unwanted message.

34.     Furthermore, Defendant's prerecorded message took up memory on

Plaintiff's cellular phone's voicemail. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

## PROPOSED CLASS

35.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

36.     Plaintiff brings this case on behalf of the following class:

> **No Consent Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's telephone number, regarding Defendant's property, goods, and/or services.**

37.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

38.     Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their consent.  The members of the Class, therefore, are believed to be so

numerous that joinder of all members is impracticable.

39.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## <u>COMMON QUESTIONS OF LAW AND FACT</u>

40.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(1)  Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' telephones;

(2)  Whether Defendant can meet its burden of showing that it obtained consent to make such calls;

(3)  Whether Defendant's conduct was knowing and willful;

(4)  Whether Defendant is liable for damages, and the amount of such damages; and

(5)  Whether Defendant should be enjoined from such conduct in the future.

41.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers is accurate, Plaintiff and the Class members will have identical

claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

42.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

43.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

44.    In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, including those involving violations of the TCPA. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the other members of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

45.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual

damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

46.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.   For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.   Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the No Consent Class)**

47.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

48.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

49.   Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

50.   Plaintiff and members of the class did not provide their telephone numbers to Defendant.

51.   Plaintiff and members of the class did not provide Defendant with their consent to receive prerecorded calls.

52.   Plaintiff and members of the class did not knowingly release their telephone numbers to Defendant.

53.   Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when the calls were made.

54.   Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

55.   Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

56.   As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and

the class are also entitled to an injunction against future calls. *Id*.

57.    Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**COUNT II**
**VIOLATIONS OF 47 C.F.R. § 64.1200(a)**
**(On Behalf of Plaintiff and the No Consent Class)**

58.    Plaintiff re-alleges and incorporates paragraphs 1-46 as if fully set forth herein.

59.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an…artificial or prerecorded voice…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

60.    It is also a violation of the implementing regulations to initiate a prerecorded call to a cellular telephone without the called party's prior express written consent. 47 C.F.R. § 64.1200(a)(2).

61.    Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate any telephone call to any residential line using an artificial or

prerecorded voice to deliver a message without the prior express written consent of the called party…" 47 C.F.R. § 64.1200(a)(3).

62.    Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class without their prior express consent.

63.    Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class without their prior express written consent.

64.    Defendant has, therefore, violated §§ 64.1200(a)(1)(iii), 64.1200(a)(2), and 64.1200(a)(3) by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

65.    Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

66.    As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

f) A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii)

15

were willful and knowing; and

g) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

h) An injunction requiring Defendant to cease all unsolicited prerecorded calling activity, and to otherwise protect the interests of the Class;

i) An injunction prohibiting Defendant from using, or contracting the use of, prerecorded calls without obtaining, recipient's consent to receive calls made with such equipment;

j) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 16, 2021

Respectfully submitted,

| | |
|---|---|
| **THE KOVAL FIRM, LLC**<br>*/s/ Steven H. Koval*<br>Steven H. Koval<br>Georgia Bar No. 428905<br>3575 Piedmont Road<br>Building 15, Suite 120<br>Atlanta, GA  30305<br>Telephone:  (404) 513-6651<br>Facsimile: (404) 549-4654<br>Email: shkoval@aol.com | **HIRALDO P.A.**<br>Manuel S. Hiraldo, Esq.<br>Florida Bar No. 030380<br>(pro hac vice to be filed)<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida<br>Telephone: 954.400.4713<br>Email: mhiraldo@hiraldolaw.com |
| **IJH LAW**<br>Ignacio J. Hiraldo<br>Florida Bar No. 56031<br>(pro hac vice to be filed)<br>1200 Brickell Ave<br>Suite 1950<br>Miami, FL 33131<br>ijhiraldo@ijhlaw.com<br>Telephone: 786.469.4496 | |

*Counsel for Plaintiff and the Class*

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1.C & 7.1.D</u>

Pursuant to L.R. 7.1.D, I certify that this document has been prepared with 14-point, Times New Roman font, approved by the Court in L.R. 5.1.C.

*/s/ Steven H. Koval*